IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAR L. TRAVILLION,            )
                                )
        Plaintiff,              )   Civil Action No. 04-912
                                )
    v.                          )   Judge Cercone
                                )   Magistrate Judge Caiazza
LT. LEON, et al.,               )
                                )
        Defendants.             )

### MEMORANDUM ORDER

    This is a civil rights action filed by a state prisoner who alleges that he was assaulted by a guard at the Allegheny County jail on February 25, 2004. Defendants have filed a motion for summary judgment and argue that: (1) plaintiff has failed to allege a right protected by the Fourth Amendment; (2) plaintiff has failed to present any evidence of the use of excessive force or subsequent injury sufficient to state a claim; and (3) in light of the absence of any injury, defendants are entitled to qualified immunity for any force that may have been used against plaintiff on the date in question.

    The Plaintiff has filed a motion to extend the time for filing a response to the motion for summary judgment (Doc. 31) which the court granted. He has also filed a motion to compel discovery (Doc. 33), and argues that he requires discovery in order to appropriately respond to the pending motion for summary judgment.

"When a nonmoving party urges the district court to forestall consideration of a summary judgment motion in order to facilitate discovery . . . . [u]nder accepted practice, when additional discovery is needed, a Rule 56(f) motion should be filed, explaining why opposing affidavits are unavailable." Lorenzo v. Griffith, 12 F.3d 23, 28 (3d Cir. 2003). Rule 56(f) provides as follows:

> **When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be held or may make such other order as is just.

See id.  This rule has been interpreted as requiring the filing of an affidavit signed by the party, as well as an indication of the party's need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.  Radich v. Goods, 886 F.2d 1391, 1393-94 (3d Cir. 1989); Colby v. J.C. Penney Co., 127 F.R.D. 509, 512 (N.D. Ill. 1989).  The Plaintiff has failed to satisfy these requirements, since he has not filed an affidavit in support of his motion. The court will, however, address the motion in any event, making allowances for plaintiff's pro se status.

The Plaintiff seeks a broad range of information in his

motion to compel.  He seeks names of witnesses who might have seen the alleged altercation with defendant Leon, prior and subsequent complaints from other inmates concerning Leon, copies of jail policies governing inmate grievances, instructions and/or warnings accompanying the chemical spray allegedly used on plaintiff, etc.  It is clear, however, that none of this information is necessary for the plaintiff to respond to the motion for summary judgment. Indeed, all of the information necessary to respond to the motion filed would appear to be within the plaintiff's knowledge and can be placed in the record through an affidavit. A mere desire to "test and elaborate" an affiant's testimony is insufficient to justify granting a Rule 56(f) request.  <u>Strang v. United States Arms Control & Disarmament Agency</u>, 864 F.2d 859, 861 (D.C. Cir. 1989).  The Plaintiff's general requests for documents and other potential evidence are insufficient to justify a delay in ruling on the pending motion for summary judgment.

For these reasons, the motion to compel discovery (Doc. 33) is treated as a motion under Rule 56(f) and is DENIED. The Plaintiff shall respond to defendants' motion for summary judgment on or before **December 7, 2005.**

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates.

-3-

Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

November 22, 2005                     s/Francis X. Caiazza
                                      Francis X. Caiazza
                                      U.S. Magistrate Judge


cc:
Jamar L. Travillion, 78951
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219

Michael H, Wojcik, Esq.
J. Deron Gabriel, Esq.
Allegheny County Law Department
300 Fort Pitt Commons
445 Fort Pitt Boulevard
Pittsburgh, PA  15219